FAST BEARING COMPANY *v.* KOPPERS COMPANY

[No. 70, October Term, 1942.]

*Decided December 7, 1942.*

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS, FORSYTHE, MARBURY, and GRASON, JJ.

*R. Dorsey Watkins*, with whom were *Piper, Watkins & Avirett* on the brief, for the appellant.

*Richard F. Cleaveland* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Baltimore City in favor of the plaintiff for the sum of $655 and costs in an action for the rental value of machinery, tried by the court. The appellant had claimed $1,425, or a rental of $15 per day for ninety-five days.

On June 5, 1941, appellant leased an Excello boring machine at $15 per day, reserving the right to cancel the lease on twenty-four hours' notice. Appellee, having possession of the machine, used it twenty-four hours daily until July 1, 1941, when it wrote appellant that it considered $15 per day as high and offered $110 per month. This sum appellant refused, calling attention to the fact that the machine had been used under a specific rental charge and notified appellant of the termination of the lease. But appellee failed to return the machine, retained possession and continued to use it twenty-four hours per day up to and including September 8, 1941. Appellant elected not to treat this as a conversion but as a continuation of the original agreement and brought this suit. The court allowed $15 per day for twenty-five days and $4 per day for seventy days. Appellee has not appealed. The question is whether the trial court was in error in allowing only $4 per day for seventy days,

thus reducing the claim to a *quantum meruit*. In this holding we think the trial court was in error, since in our opinion a bailee, the bailment having ended, who continues to hold and use the goods does so under the original agreement. In other words, he is in a position comparable to that of a tenant holding over after the expiration of the term. *Benje v. Creagh's Adm'r*, 21 Ala. 151, 155; *Edgar v. Parsell*, 184 Mich. 522, 151 N. W. 714, *Ann. Cas.* 1917A, 1160; 8 *C. J. S., Bailments*, p. 324, Sec. 41 c; 6 *C. J., Bailments*, p. 1146, Sec. 105; 4 *Elliott on Contracts*, 1913 Ed., Sec. 3005; *Schouler on Bailments and Carriers*, 2d Ed., p. 170, Sec. 159. See also *Fetting Mfg. Jewelry Co. v. Waltz*, 160 Md. 50, 152 A. 434; *Restatement of Contracts*, Sec. 72 (2), Comment b and Illustrations 6 and 8; 1 *Williston, Contracts* (Rev. Ed.), Sec. 91D; 6 *Williston, Contracts* (Rev. Ed.), Sec. 1856.

The origin of this well settled rule seems to have been in the reluctance of courts to construe as a tort what could be justified as a contract, and its existence is fully justified as not allowing a bailee to take advantage of his own wrong. As suggested in appellant's brief, our theory of legal morality does not permit a bailee to demand that what may be given a lawful effect must be held tortuous.

It becomes unnecessary to consider appellant's exceptions which were taken to the admission in evidence of a lease which expired before suit was brought, as showing the reasonable value of the machine. In our judgment they are well taken.

> *Judgment reversed and judgment de novo in favor of appellant, the Fast Bearing Company, for the sum of $1,425, with interest from date, and costs.*